# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSICA SHEETS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-01056-PRW |
| | ) | |
| SONIC INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's "Motion to Dismiss and Brief in Support" (Dkt. 7) (the "Motion to Dismiss"). The sole question presented by the Motion to Dismiss is whether Plaintiff has adequately alleged a constructive discharge. For the reasons set forth below, the Court finds that she has and therefore **DENIES** Defendant's Motion to Dismiss.

### *Background*

In relevant part, the Petition (Dkt. 1, Ex. 2) alleges as follows. Plaintiff, Jessica Sheets, was Senior Director of Organizational Development and Employee Engagement of Defendant, Sonic Industries, LLC ("Sonic"). In June of 2019, Sheets sustained a serious neck injury that would require corrective surgery. She promptly notified her supervisors of her need for surgery and, in the meantime, continued to work.

In the lead up to her surgery, Christina Vaughan, one of her supervisors, made an offhand remark to Sheets that the entire team, including Sheets, "was broken." Jennifer Buxton, another supervisor, echoed that sentiment at a later company convention: Buxton asked the members of an audience to raise their hands if they had had surgery. Several

hands went up, to which Buxton commented something to the effect of, "Well, not as much as Sheets!" Sheets protested, but Buxton pressed on: Sheets may appear well, Buxton told the crowd, but "she's broken."

Soon after, Sheets took time off to have surgery and recover.

When she returned, she found that she had been stripped of a substantial number of duties—as much as "60%" of her job—and that several subordinates had been taken out of her chain of command. She also learned that Buxton had been spreading incorrect information about her health while she was away.

On October 23, 2019, Sheets contacted Terri Cox in human resources to complain. At their meeting, Sheets asked Cox about another position for which she had been under consideration, to which Cox replied that the position had since been filled. Cox also confirmed that Sheets was correct in believing that Sonic would soon terminate her employment.

In early November of 2019, Sheets lodged a complaint through an attorney. Sonic took no action in response. Sheets resigned from her position on November 22, 2019, and began working for a new employer on December 2, 2019.

Sheets then sued Sonic under the Americans with Disabilities Act (ADA), the Oklahoma Anti-Discrimination Act (OADA), and the Family Medical Leave Act (FMLA). Now, Sonic moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] *See* Def.'s Mot. to Dismiss and Br. in Supp. (Dkt. 7).

*Standard of Review*

In reviewing a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[2] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of h[er] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[3] The pleaded facts must establish that the claim is plausible.[4]

*Discussion*

Sheets asserts claims under the Americans with Disabilities Act, the Oklahoma Anti-Discrimination Act, and the Family Medical Leave Act, each of which, as asserted, is predicated on an adverse employment action. In this case, Sheets alleges that the adverse employment action was a constructive discharge from employment.

A constructive discharge from employment occurs when an employee is discriminated against by their employer to the point where a reasonable person in their position would have felt compelled to resign and then does so.[5] In essence, "a plaintiff must show that she had no other choice but to quit. The conditions of employment must be

---

[2] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

[4] *Id.*

[5] *Rivero v. Bd. of Regents of Univ. of New Mexico*, 950 F.3d 754, 761 (10th Cir. 2020) (quoting *Green v. Brennan*, ––– U.S. ––––, 136 S. Ct. 1769, 1777, 195 L.Ed.2d 44 (2016)).

objectively intolerable[.]"[6] Sonic argues that Sheets has failed to allege sufficient facts to that end. While a close question, the Court ultimately disagrees.

Sheets alleges that she was mocked by her supervisors in private and in public for her health issues; that her supervisors spread misinformation about her health to her coworkers; that she was stripped of substantial responsibilities and authority after her surgery; that she was passed over for another position; and that she was under imminent threat of termination. Individually, a few stray remarks in bad taste, gossip, a change in job duties, a position not won, and a looming threat of termination may not be sufficient to allege an objectively intolerable work environment that would compel the proverbial reasonable employee to quit.[7] But in conjunction, and with the benefit of liberal inference afforded to plaintiffs at this early stage, these allegations eke the accusation of constructive discharge across the line of plausibility.[8] As such, the Court finds that Sheets has adequately alleged a constructive discharge.

---

[6] *Id.* (citation and internal quotation marks omitted).

[7] *See, e.g.*, *Brown v. LaFerry's LP Gas Co.*, 708 F. App'x 518 (10th Cir. 2017) (holding that allegations of two highly offensive racist comments over a six-month period and a supervisor's dissemination of misinformation among the employee's coworkers that resulted in those coworkers giving the employee the "cold shoulder" were insufficient to state a constructive discharge claim); *Hiatt v. Colorado Seminary*, 858 F.3d 1307 (10th Cir. 2017) (holding that allegations of an increased workload of approximately two hours per week and new requirements on taking sick leave and submission of notes were insufficient to state a constructive discharge claim).

[8] *Cf. Acrey v. American Sheep Industry Ass'n*, 981 F.2d 1569 (10th Cir. 1992) (finding that evidence that the employee believed her job was in jeopardy, that the employee had been confronted by her supervisor with performance shortcomings, that job responsibilities had been taken away from the employee, and that the employee received inadequate information and training to perform her duties was sufficient to support a constructive discharge claim).

*Conclusion*

For the reasons set forth above, the Court finds that Sheets has adequately alleged a constructive discharge. Accordingly, the Court **DENIES** Defendant's "Motion to Dismiss and Brief in Support" (Dkt. 7).

**IT IS SO ORDERED** this 20th day of July 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE